■ ANNA FUSCO, Appellant, v. MARIE ROTHSTEIN, Defendant, and CITY OF LONG BEACH, Respondent.— Order of the Supreme Court, Kings County, dated November 16, 1965, affirmed, without costs. The action is to recover damages for personal injuries sustained by plaintiff when she fell on an allegedly broken and defective sidewalk adjacent to premises owned by defendant Rothstein in the City of Long Beach. The first cause of action is pleaded against defendant Rothstein and is not involved on this appeal. The second cause of action, pleaded against defendant city, has been dismissed on its motion pursuant to CPLR 3211, and the action severed, on the ground that said pleading fails to state a cause of action as against it. In our opinion, that determina-

tion was proper. The complaint does not allege that prior written notice of the defective condition of the sidewalk was given, as required by section 256-a of the defendant city's Charter; concededly no such notice was given; and the failure to allege compliance with the statute is fatal to the sufficiency of the cause of action against said city (*MacMullen* v. *City of Middletown*, 187 N. Y. 37; *Fullerton* v. *City of Schenectady*, 309 N. Y. 701). *Doremus v. Incorporated Vil. of Lynbrook* (18 N Y 2d 362) is, in our view, distinguishable. That case did not involve a defect in the surface of the street or highway, whereas in the instant case plaintiff specifically alleged that " she was caused to fall and severely injure herself as a result of the broken, defective and uneven condition of the sidewalk ". It is immaterial, on the question under consideration, that the negligence specifically alleged against the city was its failure to furnish adequate illumination. Section 256-a provides that " No civil action shall be maintained against the city for damages or injuries to person or property sustained in consequence of any * * * sidewalk, * * * being defective, out of repair, unsafe, dangerous or obstructed " unless prior written notice of the condition had been given; the complaint alleges precisely such a cause of action; and prior written notice was therefore required. We are also of the opinion that the failure to provide adequate illumination is not affirmative negligence and the creation of a dangerous condition by the city, within the doctrine of cases such as *Bown* v. *Village of Lynbrook* (17 N Y 2d 826) and *Boyle* v. *E. C. Holding Corp.* (193 Misc. 204), holding that under such circumstances the prior written notice required under statutes similar to section 256-a was unnecessary. In any event, it is not claimed that the city created the dangerous condition of the sidewalk which caused plaintiff's injury; and prior written notice is therefore required under section 256-a. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.