■ JUNE T. MAROCCO, Respondent-Appellant, v PAUL P. MAROCCO, Appellant-Respondent.—Cross appeals from so much of a judgment of the Supreme Court, entered May 16, 1974 in Schenectady County, upon a decision of the court at a Trial Term, as awarded plaintiff counsel fees in the amount of $2,500. Appeal from an order of the Family Court, Schenectady County, entered May 13, 1975, which directed defendant to pay counsel fees in the amount of $500 and directed defendant to pay $50 per week for the support of each of the parties' two infant children. Plaintiff commenced an action for divorce on the ground of abandonment. Defendant appeared in the action and filed an answer containing a counterclaim for a divorce upon the ground of cruel and inhuman treatment. The record shows that when the divorce action came to trial, after a pretrial conference, the defendant withdrew his answer and counterclaim and consented that the action proceed as uncontested. The record shows the trial court proceeded to take proof as on a default on April 17, 1974. Plaintiff was the only witness sworn and her testimony was limited to proof of the marriage, the birth of the two children and the abandonment. After the trial and on or about April 26, 1974 the attorney for plaintiff submitted to the trial court an affidavit setting forth an itemized statement of his legal services rendered to plaintiff in the divorce action and requested an award for counsel fees of $3,060. In the judgment granting plaintiff a divorce the Trial Judge ordered defendant to pay $2,500 in installments to plaintiff's counsel for services rendered in the divorce action and referred the issue of alimony and support to the Family Court of Schenectady County. Pursuant to the referral, the Family Court conducted proceedings which resulted in the order directing defendant to pay $100 per week for the support of the two children and to pay plaintiff's counsel $500 for services rendered in the Family Court proceedings. On these appeals, defendant claims the trial court in the divorce action acted improperly and improvidently in awarding excessive counsel fees. On the cross appeal, plaintiff claims the award for counsel fees in the divorce

action was inadequate. The defendant claims the Family Court in the support proceedings ordered him to pay an unreasonable amount for support of his two children and for counsel fees. Plaintiff took no cross appeal from the Family Court order. We believe defendant failed to bring up for our review that portion of the order of the Family Court which ordered support payments for his two children. His notice of appeal specified that he was appealing "from each and every part of the order of the Family Court * * * directing the payment of counsel fees to the attorneys for Plaintiff-Respondent herein by Defendant-Appellant." An appeal from only part of an order is the acceptance of the other parts and a waiver of the right to appeal therefrom (CPLR 5515; *Crosby v Stephan,* 97 NY 606, 610; 10 Carmody-Wait 2d, NY Prac, § 70:86, p 354). We have reviewed the record in the Family Court proceedings, however, and find that the record justifies the awards for counsel fees and child support. Under the circumstances the Family Court did not abuse its discretion in considering a charge for the children's tuition at a parochial school in determining the award for support *(Matter of Kotkin v Kerner,* 29 AD2d 367). The order of the Family Court should be affirmed. The trial court in the divorce action erred in awarding counsel fees of $2,500. The record in that action is devoid of adequate testimony or evidence concerning the financial resources of the parties *(Terner v Terner,* 43 AD2d 748, mot for lv to app den 34 NY2d 517). Furthermore, proper practice, as well as fair play and substantial justice, required plaintiff to give notice to defendant of her application for counsel fees. (Domestic Relations Law, § 237.) The complaint in the divorce action did not ask for temporary or permanent alimony or counsel fees. No application was made for counsel fees until several days after the completion of the testimony in the action. The transcript of the proceedings on the trial is devoid of any reference to counsel fees. The transcript shows that defendant withdrew his answer and counterclaim with the understanding that plaintiff would waive any claim for alimony in the divorce proceedings or in subsequent Family Court proceedings. Plaintiff expressly waived her right to alimony in the divorce action and the Family Court proceeding. (The record indicates that subsequent to the divorce she remarried.) The application to the court for counsel fees after the trial should have been on notice to defendant, and not ex parte. The affidavit submitted to the court was insufficient to warrant the award. The court must consider the financial circumstances of both parties *(Martin v Martin,* 28 AD2d 897). The affidavit submitted stated that defendant was "a medical doctor duly admitted to practice his profession in the State of New York". The Trial Judge may well have been influenced by this statement in making the award for counsel fees. The record of subsequent proceedings indicates that defendant was not licensed to practice medicine at the time. The judgment appealed from must be modified by striking therefrom the fifth decretal paragraph which awards $2,500 in counsel fees and the matter remitted to the trial court for determination of counsel fees on proper notice and on proof required by section 237 of the Domestic Relations Law. Order of the Family Court affirmed. Judgment modified, on the law and the facts and as a matter of discretion in the interests of justice, by striking the fifth decretal paragraph thereof which relates to an award for counsel fees and matter remitted for further proceedings consistent with this decision, and, as so modified, affirmed, without costs. Koreman, P. J., Greenblott, Kane, Larkin and Reynolds, JJ., concur.