In the Matter of Isabel Kogan, Appellant, v Michael Kogan, Respondent.—In a support proceeding, the former wife appeals from so much of an order of the Family Court, Nassau County, entered October 25, 1978, as, after a hearing, (1) determined that the respondent former husband had not willfully disobeyed a prior support order of the same court, (2) denied her motion to adjudge him in contempt for violating the prior support order, and (3) directed him to give, and her to accept, a second mortgage encumbering his interest in the former marital abode of the parties. Order reversed in its entirety, on the law, without costs or disbursements, and proceeding remitted to the Family Court for further proceedings consistent herewith. The notice of appeal states that the petitioner does not appeal from any part of the order other than as specified above. The portion not appealed from directs the respondent to assign to petitioner his interest in certain specified stock, which appears to be jointly owned, with the arrears in support payments to be credited by the amount of his share. It is the "balance due on current arrears after credit plus arrears in abeyance" that is to be converted to the second mortgage in favor of petitioner, with

"arrears to be credited accordingly." Insofar as the Family Court directed that the balance of arrears be converted to a second mortgage in favor of petitioner, it exceeded its jurisdiction. As we said in *Matter of Borkowski v Borkowski* (38 AD2d 752, 753): "The Family Court is a court of limited jurisdiction and cannot exercise powers beyond those granted to it by statute *(Loeb v. Loeb,* 14 A D 2d 270; *Matter of Burns v. Burns,* 53 Misc 2d 484, 487). It is authorized to grant support to dependents (N. Y. Const., art. VI, § 13; Family Ct. Act, § 412). Since the Family Court had no power to divide property, but had power to order support, it is necessary for that court to reconsider the whole matter." For the same reason the direction that respondent assign to petitioner his interest in the stock, although not appealed from, exceeded the court's power and was also improper. Since this improper direction necessarily affected the amount of arrears and thus the amount of the second mortgage, it is inextricably bound up with the direction as to the second mortgage. Consequently, we reverse the entire order and remit the entire matter to the Family Court for reconsideration. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.