■ MARY BATTIPAGLIA, Individually and as Administratrix of the Estate of DIANE D. SMITH, Deceased, Plaintiff, v SAMUEL J. BARLOW, Defendant and Third-Party Plaintiff-Respondent, and STANLEY F. LACY et al., Respondents. TOWN OF EAST GREENBUSH, Third-Party Defendant-Appellant. (And a Fourth-Party Action.) — Appeals (1) from an order of the Supreme Court at Special Term (Cholakis, J.), entered July 17, 1984 in Rensselaer County, which, *inter alia,* denied the third-party defendant's motion for severance, and (2) from that part of an order of said court (Torraca, J.), entered July 31, 1984 in Rensselaer County, which denied the third-party defendant's motion for summary judgment dismissing the third-party complaint.

Plaintiff's intestate, Diane D. Smith, was allegedly struck by two automobiles at about 5:50 P.M. on November 14, 1981, while crossing Routes 9 and 20 near Middlesex Road in the Town of East Greenbush in Rensselaer County. She died as a result of her injuries. One vehicle was owned and operated by defendant Samuel J. Barlow, the other was owned by defendant Lenora D. Smith and operated by defendant Stanley F. Lacy.

Plaintiff commenced this action for wrongful death on February 1, 1982. The case was scheduled for trial on May 29, 1984. In March, 1984, defendant Barlow brought a third-party action against the Town of East Greenbush, claiming that improper lighting of Routes 9 and 20 contributed to the accident. On April 23, 1984, the town served its answer in the third-party action and a notice for a bill of particulars. The bill was submitted on April 30, 1984.

On April 26, 1984, the town moved to sever the third-party action from the wrongful death action. Special Term denied the motion but directed that speedy discovery be conducted. On May 9, 1984, the town moved for summary judgment dismissing the third-party complaint and the cross claim of defendants Lacy and Smith. Special Term also denied this motion. The town appeals from the order denying severance and so much of the other order as denied dismissal of the third-party complaint.

In our view, Special Term properly denied the motion to sever the third-party action from the main action. However, Special Term erred in denying the town's motion for summary judgment dismissing the third-party complaint. The order denying severance should be affirmed and that part of the order denying summary judgment dismissing the third-party complaint should be reversed and the third-party complaint dismissed.

Contrary to the claim of the town, Special Term did not abuse its discretion in denying the town's motion to sever the third-party action from the main action. Where, as here, the third-party defendant is allowed to conduct his discovery expeditiously, he is not prejudiced by any delay in serving the third-party complaint (*Fries v Sid Tool Co.,* 90 AD2d 512). The delay in this case of 14 months from the filing of the note of issue in the main action and the commencement of the third-party action is insufficient to require severance without a showing of prejudice (*Strange v Sampson,* 73 AD2d 749). Special Term indicated that the delay was, for the most part, unavoidable. There was no showing of prejudice and the issues involved in both actions are similar. A single trial is therefore appropriate (*Fries v Sid Tool Co., supra*).

The town's motion for summary judgment was improperly denied since the third-party complaint alleged a defective condition on the highway but did not include an allegation of prior written notice of the defect to the town (see Town Law, § 65-a, subd 1). The failure to plead prior notice requires dismissal of the complaint (see *Fusco v Rothstein,* 27 AD2d 932, 933). This is not a case where it is alleged that the town committed affirmative acts of negligence or created a dangerous condition, situations where prior notice need not be pleaded (see *Haviland v*

*Smith,* 91 AD2d 764, 765). Thus, despite the presence of factual issues as to whether the lighting on Routes 9 and 20 was controlled by the town and the condition of the lighting on the date of the accident, Special Term incorrectly denied the town's motion for summary judgment dismissing the third-party complaint.

Finally, we conclude that the propriety of that part of the order at Special Term denying the town's motion for summary judgment on the cross claim of defendants Lacy and Smith is not before this court on appeal. In its notice of appeal from Special Term's order denying summary judgment dismissing the third-party complaint and Lacy and Smith's cross claim, the town limited its appeal to "that portion of the Order * * * which denied the motion of the third-party defendant * * * for summary judgment dismissing the third-party complaint". It did not mention the cross claim. The town's appeal does not rely on the denial of summary judgment on the cross claim to support the town's position. Consequently, the two parts of the order under discussion are not inextricably intertwined and the issue is not before this court (see *Matter of Burk,* 298 NY 450, 455; *Lawson v Lawson,* 79 AD2d 787, 788; *Foley v Roche,* 68 AD2d 558, 564; see, also, *Christian v Christian,* 55 AD2d 613, 614; *Marocco v Marocco,* 53 AD2d 707, 708).

Order entered July 17, 1984 affirmed, without costs.

Order entered July 31, 1984 modified, on the law, without costs, by reversing so much thereof as denied the motion for summary judgment dismissing the third-party complaint; the third-party complaint is dismissed; and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.