OPINION OF THE COURT
Memorandum.
The judgment of Family Court and the prior nonfinal Appellate Division order brought up for review should be affirmed, with costs.
New York is not constitutionally required to give full faith and credit to a foreign judgment which is not final under that State’s laws (see, Barber v Barber, 323 US 77; Sistare v Sistare, 218 US 1, 16), and the New Hampshire judgment at issue here is not final since it is modifiable under New Hampshire law (see, NH Rev Stat Annot § 458:19; Morphy v Morphy, 112 NH *921 507, 298 A2d 580). Family Court, by granting petitioner’s application pursuant to Family Court Act § 466 (c) (i) for an order enforcing the instant foreign judgment, did not in the circumstances of this case convert it into a New York decree. The powers of Family Court are restricted to those authorized by the language of the statute (Matter of Silver v Silver, 36 NY2d 324, 326). Here, where petitioner merely sought an order enforcing the New Hampshire decree pursuant to Family Court Act §466 (c) (i) rather than an order modifying it pursuant to section 466 (c) (ii), the Family Court enforcement order operated only to enforce the provisions of the foreign decree in accordance with its express terms and not to renew, extend or modify the alimony provision. Thus, upon the expiration of the underlying alimony obligation after three years, there was no longer any obligation in respect thereto under the terms of the order of the issuing State. Thus, Family Court had no authority to act on the decree after its stated expiration date (Matter of Silver v Silver, supra; Wertheimer v Wertheimer, 50 AD2d 879, appeal dismissed 39 NY2d 741). Nor could the mere enforcement of the alimony award by the New York Family Court extent the duration of the award under the law of New Hampshire (see, Clevesy v Clevesy, 118 NJ 112, 383 A2d 705).
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Hancock, Jr., and Bellacosa concur; Judge Titone taking no part.
Judgment appealed from and order of the Appellate Division brought up for review affirmed, with costs, in a memorandum.