■ CITY OF MOUNT VERNON, Appellant, v MOUNT VERNON HOUSING AUTHORITY et al., Respondents. [652 NYS2d 771] —Motion by the defendant-respondent Commissioner of the Division of Housing and Community Renewal of the State of New York to enlarge the time to file a brief on an appeal from an order of the Supreme Court, Westchester County, entered December 6, 1995, and cross motion by the plaintiff-appellant for leave to serve and file an amended notice of appeal from that order.

Upon the papers filed in support of the motion and cross motion, and the papers filed in relation thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the respondent's time to file a brief on the appeal is enlarged up to and including February 7, 1997, and the respondent's brief must be served and filed on or before that date; and it is further,

Ordered that the cross motion is denied.

The order appealed from denied the motion of the plaintiff City of Mount Vernon, *inter alia,* for leave to serve an amended complaint, and granted the cross motion of the defendant Commissioner of the New York State Division of Housing and Community Renewal to dismiss the complaint insofar as asserted against it without prejudice to the plaintiff's right to bring an appropriate action in the Court of Claims. The City filed a timely notice of appeal which expressly stated that it was appealing "from that part of the order * * * that denied the motion * * * for leave to serve an amended complaint and substitute a party defendant". The City now moves for leave to serve and file an amended notice of appeal to provide that the appeal is from the whole, not just a part, of the order in question.

CPLR 5515 (1) requires that a notice of appeal designate the judgment or order, or specific part of the judgment or order,

from which the appeal is taken. This requirement is jurisdictional *(Rich v Manhattan Ry. Co.,* 150 NY 542, 546). By taking an appeal from only a part of a judgment or order, a party waives its right to appeal from the remainder thereof *(Royal v Brooklyn Union Gas Co.,* 122 AD2d 132, 133; *Marocco v Marocco,* 53 AD2d 707, 708; *cf., Quain v Buzzetta Constr. Corp.,* 69 NY2d 376, 379; 10 Carmody-Wait 2d, NY Prac § 70:80).

The time within which to take an appeal as of right is strictly limited (CPLR 5513 [a]) and with certain exceptions which are not relevant here, CPLR 5514 (c) provides that "[n]o extension of time shall be granted for taking an appeal". After the time to take an appeal has expired, it is too late to seek amendment of the notice of appeal to include portions of the judgment or order not previously specified *(see, Hoffman v Manhattan Ry. Co.,* 149 NY 599; Cohen and Karger, Powers of the New York Court of Appeals § 105, at 440-441).

In conclusion, we note that there are rare occasions on which an appellate court may review and alter provisions of an order or judgment which were not described in a limited notice of appeal. That may occur when matters which are the subject of the limited appeal are "inextricably intertwined" with those that are not, so that to give appropriate relief requires the court, by necessity, to disturb a provision of the order or judgment which would otherwise not be before it *(Matter of Burk,* 298 NY 450, 455; *Matter of Berke v Schechter,* 5 NY2d 569, 577 [Froessel, J., dissenting]; *Offset Paperback Mfrs. v Banner Press,* 71 AD2d 593, 594; *Foley v Roche,* 68 AD2d 558, 564; *Matter of Kogan v Kogan,* 75 AD2d 644, 645; *Battipaglia v Barlow,* 107 AD2d 1001, 1003; *Feinberg v Saks & Co.,* 83 AD2d 952, 955 [Margett, J., dissenting]). In light of this rule, our denial of the cross motion to amend the notice of appeal in this case does not foreclose the power of this Court to review and, if required, alter any portion of the order appealed from necessary to afford the appellant appropriate relief with respect to its limited appeal. Mangano, P. J., Sullivan, Pizzuto and Santucci, JJ., concur.