■ CLIFFORD R. GRAY, INC., Respondent-Appellant, v CITY SCHOOL DISTRICT OF ALBANY, Appellant-Respondent. [716 NYS2d 795] —Graffeo, J. Cross appeals from a judgment of the Supreme Court (Maney, J.), entered July 15, 1999 in Albany County, upon a decision of the court in favor of plaintiff.

The principal issue presented in this litigation between plaintiff, an electrical contractor, and defendant, the owner of a

---

1. We note, however, that plaintiff's remaining cause of action, wherein he asserts that the entire transaction should be rescinded due to defendant's alleged undue influence or decedent's alleged lack of capacity, remains extant.

2. In this regard, we note that the presence of the mortgage forgiveness provision is evident upon a cursory review of the document, as such clause is a typewritten addition to the preprinted mortgage form.

school building which was the subject of a renovation project, is whether the "no damages for delay" clause included in the parties' contract[1] is enforceable to bar plaintiff's claim for money damages for delays that affected the progress and completion of plaintiff's work on the project. After a nonjury trial, Supreme Court concluded that the clause did not preclude plaintiff's cause of action and awarded money damages. The parties cross-appeal and, for the reasons that follow, we affirm.

It is well settled that, in spite of the inclusion in a construction contract of "[a] clause which exculpates a contractee from liability to a contractor for damages resulting from delays in the performance of the latter's work * * * damages may be recovered for: (1) delays caused by the contractee's bad faith or its willful, malicious, or grossly negligent conduct, (2) uncontemplated delays, (3) delays so unreasonable that they constitute an intentional abandonment of the contract by the contractee, and (4) delays resulting from the contractee's breach of a fundamental obligation of the contract" (*Corinno Civetta Constr. Corp. v City of New York*, 67 NY2d 297, 309 [citations omitted]; *see generally, Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 384-385). Here, plaintiff pursued two theories at trial: that the delays were uncontemplated and largely arose from a continuing breach of duty by defendant's construction management team, which failed to supervise and coordinate the work of the various subcontractors on the site.

Supreme Court credited the testimony of plaintiff's president and an architectural engineer called as plaintiff's expert witness who each detailed the causes of the delays that plagued

---

**1.** Section 6.06 of the "Terms and Conditions to Contract" provided, in pertinent part, as follows:

"(a) If Contractor shall be delayed in the commencement, prosecution or completion of the Work or shall be obstructed or hindered in the orderly progress of the Work by any act, neglect or default of Owner, Construction Manager, Architect, [or] Other Contractor * * * which preclude the continuation of the Project or the Work or portion thereof in a practicable manner then the time fixed for completion of the Work shall be extended for a period equivalent to the period of the delay incurred by Contractor as determined by Owner. No extension shall be granted unless a claim in writing therefore [*sic*] is presented to Construction Manager within seventy-two (72) hours of the start of such delay, obstruction or hindrance. Failure to give notice as provided herein constitutes a waiver of claim by Contractor. In the event of a continuing cause of delay, only one claim is necessary.

"(b) Contractor expressly agrees for itself, its Subcontractors and suppliers not to make, and hereby waives, any claim for damages on account of any delay, obstruction or hindrance. Contractor's sole remedy for any delay, obstruction or hindrance shall be an extension of the time in which to complete the Work."

the project. The construction schedule contemplated three phases, with plaintiff's most active participation scheduled in phases II and III. Pursuant to the contract terms, phase II (the construction of a new addition to the school) was to continue for 10 months and be finished in February 1995. However, it was not substantially completed until September 1995. Similarly, although phase III (renovation of an existing building) was anticipated to take six months, with completion in August 1995, the work was not concluded until July 1996. Among the various causes of the delays identified by Supreme Court were defendant's failure to timely obtain easements for electrical and drain sewer installations, the failure of defendant's construction manager to adequately supervise and coordinate the work of the various contractors, including the failure to prepare the coordinated construction schedules and drawings, the termination of both the construction manager in December 1994 and the general contractor in June 1995 and defendant's decision to hire 30 subcontractors in lieu of replacing the general contractor.

"Notwithstanding our broad scope of review in a nonjury trial, we accord great deference to the credibility determinations rendered by the trial court due to its ability to view the witnesses and the evidence firsthand [citations omitted]" (*Auger v State of New York*, 263 AD2d 929, 930; *see, Matter of Rowe*, 274 AD2d 87, 92; *Silverman v Mergentime Corp./J.F. White, Inc.*, 252 AD2d 925, 926; *Douglas Constr. v Marcais*, 239 AD2d 803). According the fact finder the deference to which it is entitled, we find that Supreme Court reasonably credited the testimony that the project impediments were wholly unanticipated and the opinion proffered by plaintiff's expert that they were of a character and magnitude not ordinarily encountered or anticipated by parties to a contract of this nature. Moreover, as the evidence established that defendant's construction management team failed to substantially fulfill the express contractual obligation to schedule and coordinate the work, resulting in extensive work interruptions or delays and inefficient labor deployment, we see no basis to disturb Supreme Court's determination that there was a pervasive and ongoing breach of the contract. Under the totality of the circumstances, finding an ample basis in the record for the court's factual conclusion that the project delays were uncontemplated and that defendant was responsible for a breach of fundamental contractual obligations, we decline to disturb the holding that the "no damages for delay" clause did not bar plaintiff's claim for money damages (*see, Mid-State Precast Sys. v Corbetta Constr. Co.*, 202 AD2d 702, *lvs dismissed* 84 NY2d 923, 86 NY2d 855).

Next, we turn to the parties' contentions concerning the applicability of the 72-hour notice component of the "no damages for delay" clause which prohibited a contractor from obtaining an extension of time to complete its work if it failed to issue a written request for such relief within 72 hours of the delay. Supreme Court found that the notice component was applicable to plaintiff's claim and, as a result of its application, plaintiff was not entitled to damages incurred before August 1995, the month that plaintiff forwarded correspondence specifically complaining of delays. Plaintiff was, therefore, awarded damages totaling $175,583 encompassing the period from September 1995 to July 1996 for extended site overhead, labor rate increases, loss of labor productivity, expenses for small tools and consumables and lost profit, but was denied reimbursement for extended home office overhead and warehouse worker and truck expenses.

We disagree with defendant's argument that plaintiff's request for damages should have been rejected in its entirety because the August 1995 correspondence was not sufficiently particularized to comply with the notice requirement. In contrast to the detailed contract specifications at issue in *A.H.A. Gen. Constr. v New York City Hous. Auth.* (92 NY2d 20, 25 [notice provision required "verified detailed statements of the damages sustained together with documentary evidence of such damages"]), the case upon which defendant relies, the contract in this case required only the submission of "a claim in writing" and provided that one claim would be sufficient in the event of a continuing delay. Having previously notified defendant of its intent to file a claim for pecuniary losses due to the project delays, plaintiff detailed the continuing delays in an August 2, 1995 letter. Defendant's contention that this correspondence failed to afford notice because it preceded the incidents which led to the delays is wholly unsupported by the record. Thus, assuming the notice requirement was applicable to plaintiff's claim, we concur with Supreme Court that plaintiff provided contractually adequate notice at least as early as August 1995, thereby justifying reimbursement for damages incurred thereafter.

Arguing that the notice provision was inapplicable because it refers to requests for extensions and not claims for money damages, plaintiff maintains that Supreme Court erred in restricting its recovery in each of the six categories of damages awarded to expenses or losses incurred after August 1995. As plaintiff's notice of appeal challenges only so much of the judgment as denied its claim for damages for extended home office

overhead and warehouse worker and truck expenses, the assertion that plaintiff is entitled to additional relief relating to the other items of damages is not properly before this Court for review (see, Sugar Cr. Stores v Pitts, 198 AD2d 833; Marocco v Marocco, 53 AD2d 707, 708 [an appeal from only part of an order constitutes a waiver of the right to appeal from the other parts]; 1 Newman, New York Appellate Practice § 2.06 [1]). Given our determination that plaintiff fulfilled the notice requirement for the damages awarded and that a grant of additional relief relating to those categories of damages sought is precluded by virtue of the limited notice of appeal, we need not further address the applicability of the notice provision as no further relief could be awarded were we to conclude that the court erred in relying on the provision to limit plaintiff's recovery.

Finally, we find plaintiff's request to recover home office overhead expenses[2] to be unavailing. In rejecting plaintiff's argument that proof is not necessary for this item of damages, we repeat the well-established proposition that "[a] contractor wrongfully delayed by its employer must establish the extent to which its costs were increased by the improper acts because its recovery will be limited to damages actually sustained" (Berley Indus. v City of New York, 45 NY2d 683, 687; see, Mid-State Precast Sys. v Corbetta Constr. Co., 202 AD2d 702, 704, supra). Finding this rule applicable to damages for increased home office overhead expenses (see, Berley Indus. v City of New York, supra, at 687-688), we do not fault Supreme Court for viewing plaintiff's evidence, which did no more than approximate such expenses by calculating a proportion of company-wide labor costs over job-specific labor costs for the relevant time period, as insufficient to establish the requisite causal link between the delays and actual increased costs (see, Novak & Co. v Facilities Dev. Corp., 116 AD2d 891, 892).

We have considered the parties' remaining contentions and find them to be unpersuasive.

Cardona, P. J., Peters, Carpinello and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.

---

2. Plaintiff has not raised any issue concerning the warehouse worker and truck expenses in its brief on appeal.