■ Semis K. Kokonis, Respondent, v Hanover Insurance Company, Doing Business as Allmerica Financial, Appellant, and Kara K. Keeler et al., Respondents. [719 NYS2d 376] —Carpinello, J. Appeal from that part of an order of the

Supreme Court (Cobb, J.), entered October 15, 1999 in Columbia County, which denied a motion by defendant Hanover Insurance Company for summary judgment seeking to disclaim coverage for defendants Kara K. Keeler and Brennan Keeler under a certain exclusion in an insurance policy.

The origin of this declaratory judgment action is a March 1998 automobile accident. On that day, defendant Kara K. Keeler was driving a car owned by her brother, defendant Brennan Keeler, when she collided with plaintiff's motorcycle seriously injuring him. Both Kara Keeler and Brennan Keeler lived with their parents at the time of the accident. Plaintiff now seeks a declaration that any damages in excess of the policy limits under Brennan Keeler's automobile insurance policy are recoverable under an umbrella policy issued to their father, defendant Paul J. Keeler, Jr., by defendant Hanover Insurance Company.

The sole issue before this Court, as expressly limited by the notice of appeal filed by Hanover (*see*, CPLR 5515 [1]; *see also*, *City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 516-517), is the propriety of Supreme Court's order denying it summary judgment based on its finding that a particular disclaimer of coverage was untimely. No matter how meritorious Hanover's claim, now pressed on appeal, that neither Brennan Keeler nor Kara Keeler was an "insured" as defined under the policy, this Court is powerless to address such claim since Hanover expressly limited its notice of appeal to another issue. Hanover's notice of appeal was limited solely to that part of Supreme Court's order denying summary judgment "on the basis that the disclaimer of coverage found in exclusion nineteen (19) of the policy was untimely" (*see*, *Clifford R. Gray, Inc. v City School Dist.*, 277 AD2d 843; *Robertson v Little Rapids Corp.*, 277 AD2d 560; *Millard v City of Ogdensburg*, 274 AD2d 953; *Hemmings v St. Marks Hous. Assoc.*, 272 AD2d 442; *Battipaglia v Barlow*, 107 AD2d 1001, 1003).

Turning to the narrow issue thus presented, we find that Supreme Court properly determined that Hanover waived its right to disclaim under this particular exclusion because it failed to include it as a basis for disclaimer in an earlier disclaimer letter sent on January 6, 1999. This earlier letter stated that the disclaimer of coverage was based on its determination that neither Brennan Keeler nor Kara Keeler was an "insured" as that term is defined under the umbrella policy. Specifically, Hanover claimed that the testimony of Brennan Keeler and Kara Keeler at a December 23, 1998 examination under oath confirmed that the vehicle which Kara Keeler was

driving on the day of the accident was owned by Brennan Keeler and was furnished for her regular use. As such, Hanover explained that under those circumstances, neither was an insured under their father's policy. By letter dated April 26, 1999, Hanover reaffirmed its disclaimer of coverage by reasserting that neither Brennan Keeler nor Kara Keeler was an "insured" under the policy. However, for the first time, it asserted "further support" for its disclaimer, namely, that a particular policy *exclusion* also precluded coverage. By failing to include this exclusion as a ground for disclaimer in the original disclaimer letter, Hanover waived any defense based on the exclusion (*see, Agoado Realty Corp. v United Intl. Ins. Co.,* 260 AD2d 112, 118, *mod* 95 NY2d 141; *Haslauer v North Country Adirondack Coop. Ins. Co.,* 237 AD2d 673, 674-675; *Cain v Allstate Ins. Co.,* 234 AD2d 775, 776; *Allstate Ins. Co. v Moon,* 89 AD2d 804, 806; *see also, General Acc. Ins. Group v Cirucci,* 46 NY2d 862, 864).

Even if we were to find no waiver on the part of Hanover, we would nevertheless find that its disclaimer based on this exclusion was in any event untimely as a matter of law. Hanover failed to advance any justification or explanation for the delay in disclaiming on this ground (*see, Hartford Ins. Co. v County of Nassau,* 46 NY2d 1028; *Mohawk Minden Ins. Co. v Ferry,* 251 AD2d 846; *Dependible Janitorial Servs. v Transcontinental Ins. Co.,* 212 AD2d 946, *lv denied* 85 NY2d 811). Since the second disclaimer letter was issued four months after Hanover deposed Brennan Keeler and Kara Keeler when it was informed of all the facts necessary to invoke the exclusion, its disclaimer on this basis was untimely (*see, Hartford Ins. Co. v County of Nassau, supra; Gill v Gouchie,* 210 AD2d 954, *lv denied* 86 NY2d 701; *National Cas. Co. v Levittown Events,* 191 AD2d 543; *Cassara v Nationwide Mut. Ins. Co.,* 144 AD2d 974).

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.