■ FERGUSON ELECTRIC COMPANY, INC., Plaintiff, v KENDAL AT ITHACA, INC., et al., Respondents, and TOUGHER INDUSTRIES, INC., Appellant, et al., Defendants. [726 NYS2d 745] —Crew III, J. Appeal from that part of an order of the Supreme Court (Relihan, Jr., J.), entered March 14, 2000 in Tompkins County, which held that the dispute procedures in the contract between defendant Christa Construction, Inc. and defendant Tougher Industries, Inc. were mandatory and obligatory.

In July 1994, defendant Tougher Industries, Inc. entered into a subcontract with defendant Christa Construction, Inc. to perform certain plumbing and heating work for a retirement community project in the City of Ithaca, Tompkins County. In November 1996, plaintiff, another subcontractor on the project, commenced the instant action against, among others, Christa and Tougher seeking to recover on its mechanic's lien. Tougher answered and, insofar as is relevant to this appeal, asserted cross claims against Christa for sums it allegedly was owed under the terms of the subcontract. Christa responded by moving for summary judgment dismissing Tougher's cross claims, contending that Tougher had failed to comply with a condition precedent—namely, pursuing the dispute resolution procedures set forth in article 11 of their subcontract. By order entered September 10, 1999, Supreme Court held that "the dispute procedures contained in Article 11 of the Subcontract Agreement between Christa and Tougher are mandatory and obligatory on Tougher * * * [and] that the standard of review applicable to any judicial review of a determination made by the Contractor's Representative under Article 11 of the Subcontract Agreement is the standard set forth in Paragraph 11.3 [there-

of]," to wit, "arbitrary, capricious or grossly erroneous to evidence bad faith." Supreme Court reserved decision, however, as to the issue of whether Tougher had in fact complied with the terms of the subcontract by initiating a dispute. Upon appeal, this Court affirmed (274 AD2d 890).

A nonjury trial ensued, at the conclusion of which Supreme Court, by order entered March 14, 2000, dismissed so much of Tougher's cross claims as sought to recover certain "[a]dditional [c]osts" referenced in a September 5, 1996 meeting agenda under "Item D." The basis for Supreme Court's dismissal in this regard was that the additional costs contained in Item D were not actually presented to Christa for purposes of making a claim under the dispute resolution provisions of the subcontract. Tougher now appeals from "that portion of the [March 14, 2000 order] which held that the dispute procedures contained in Article 11 of the subcontract agreement between Christa * * * and Tougher * * * is [sic] mandatory and obligatory on Tougher * * * and that the standard of review applicable to any judicial review of a determination made by the Contractor's Representative under the subcontract is set forth in paragraph 11.3 thereto."

We affirm. "By taking an appeal from only a part of a judgment or order, a party waives its right to appeal from the remainder thereof [citations omitted]" (*City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516, 517). As Tougher expressly limited its notice of appeal to challenging the applicability of the contract dispute procedures and the governing standard of review, the arguments now advanced in its brief—namely, that Supreme Court erred in concluding that Tougher had not submitted a claim/initiated a dispute with respect to the additional costs sought, that the subcontract failed to specify the precise mechanism by which a claim would be submitted or a dispute would be raised and, finally, that Christa's failure to perform its contractual duties caused the underlying forfeiture—are not properly before us (*see, Kokonis v Hanover Ins. Co.*, 279 AD2d 868, 869). Although there are "rare occasions on which an appellate court may review and alter provisions of an order or judgment which were not described in a limited notice of appeal" (*City of Mount Vernon v Mount Vernon Hous. Auth., supra*, at 517), we do not find the issues described in the notice of appeal and set forth in Tougher's brief to be so "inextricably intertwined" (*id.*, at 517) to warrant disturbing a provision of Supreme Court's order that is not otherwise before us.

Cardona, P. J., Spain, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.