■ In the Matter of County of Rockland, Appellant, v Public Employment Relations Board, Respondent. (And Two Other Related Proceedings.) [743 NYS2d 635] —Rose, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered March 30, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which removed investigative aides working for the Rockland County District Attorney's office from an existing bargaining unit.

When the United Federation of Police Officers (hereinafter UFPO) filed a representation petition with respondent seeking to decertify the Civil Service Employees Association (hereinafter CSEA) and obtain certification as the bargaining representative for certain investigative aides working for the Rockland County District Attorney's office, the Rockland County District Attorney's Criminal Investigator's Association (hereinafter CIA) and another group intervened to oppose fragmentation from the existing bargaining unit. Following a hearing, and based on the law enforcement duties performed by the aides, respondent determined that a new bargaining unit would be created to represent them. In doing so, respondent found it unnecessary to decide whether the aides are police officers under CPL 1.20 (34) (g). Petitioner, CSEA and CIA then filed CPLR article 78 petitions for review of respondent's determination. After declining to decide whether the aides were legally qualified to act as police officers within the meaning of the CPL and finding a rational basis for respondent's determination based on the job duties that the aides perform, Supreme Court

confirmed respondent's determination and dismissed the petitions. Petitioner alone appeals, contending only that the aides' legal status as police officers is necessary for respondent's determination to be correct. We cannot agree.

A declaration of the aides' status as police officers was immaterial to respondent's determination because it is the character of the duties performed, not the employee's job title or status, that warrants the establishment of a separate bargaining unit (*see, Matter of County of Erie v New York State Pub. Empl. Relations Bd.*, 247 AD2d 671, 673-674). Here, as in *Matter of County of Erie*, there is evidence that the aides, pursuant to their job descriptions, actually perform general law enforcement duties different than those of other employees in the CSEA unit (*see, id.* at 673). Thus, the record supports respondent's determination to create separate representation based upon duties performed rather than legal status. As the aides' status is the only issue raised by petitioner, the sole appellant, we need not consider other contentions raised by CIA and CSEA or otherwise review Supreme Court's conclusion that respondent's determination has a rational basis (*see, Ferguson Elec. Co. v Kendal at Ithaca*, 284 AD2d 643, 644; *Kokonis v Hanover Ins. Co.*, 279 AD2d 868, 869).

Cardona, P.J., Mercure, Crew III and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.