■ In the Matter of GINA M. DeMARCO, Respondent, v JOHN M. NEWTON, Appellant. [759 NYS2d 332] —In a support proceeding pursuant to Family Court Act article 4, the father appeals from so much of an order of the Family Court, Suffolk County (Spinner, J.), entered January 3, 2003, as, upon directing his incarceration for contempt of court, imposed incarceration costs upon him of $197 per day.

Ordered that the order is reversed insofar as appealed from, on the law, without costs and disbursements.

Upon confirming the finding of the Hearing Examiner John E. Raimondi that the father was in wilful contempt of an order requiring him to pay child support, the Family Court directed him to be incarcerated for six months for contempt of court, unless he purged the contempt by payment of $6,000, and further ordered the father to pay $197 per day to Suffolk County for the costs of his incarceration. The father appeals from so much of the order as imposed incarceration costs.

The power of the Family Court, upon a finding that a support order was violated, is set forth in Family Court Act § 454. That section does not permit the imposition of incarceration costs, and, as a court of limited jurisdiction, the Family Court cannot exercise powers beyond those which are granted to it by statute (*see Matter of Pearson v Pearson,* 69 NY2d 919 [1987]; *Matter of Kogan v Kogan,* 75 AD2d 644 [1980]). Therefore, so much of the order as imposed incarceration costs upon the father must be reversed. Luciano, J.P., Adams, Townes and Rivera, JJ., concur.