■ In the Matter of SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of KENDRA MATTHEW, Respondent, v ELVIS HARRY, Appellant. [761 NYS2d 291] —In a child support proceeding pursuant to Family Court Act article 4, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Spinner, J.), dated January 22, 2003, as, upon directing his incarceration for contempt of court, imposed incarceration costs upon him of $197 per day.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the provision thereof which imposed incarceration costs is deleted.

Upon confirming the finding of the Hearing Examiner that the father was in willful contempt of an order requiring him to pay child support, the Family Court directed his incarceration for six months for contempt of court, unless he purged the contempt by paying the sum of $3,500, and further directed the father to pay $197 per day to Suffolk County for the cost of his incarceration. The father appeals from so much of the order as imposed incarceration costs. We reverse.

The power of the Family Court, upon a finding that a support order was violated, is set forth in Family Court Act § 454. That provision does not permit the imposition of incarceration costs, and, as a court of limited jurisdiction, the Family Court cannot exercise powers beyond those which are granted to it by statute (*see Matter of Pearson v Pearson,* 69 NY2d 919, 920 [1987]; *Matter of DeMarco v Newton,* 305 AD2d 501 [2003]; *Matter of Kogan v Kogan,* 75 AD2d 644, 645 [1980]). Therefore, so much of the order as imposed incarceration costs upon the father must be reversed (*see Matter of DeMarco v Newton, supra*). Ritter, J.P., Friedmann, H. Miller and Townes, JJ., concur.