■ In the Matter of PASCALE HOLLOWAY, Respondent, v RODNEY JOHNSON, Appellant. [767 NYS2d 869]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from so much of an order of the Family Court, Suffolk County (Spinner, J.), entered December 19, 2002, as, upon directing his incarceration for contempt of court, imposed incarceration costs upon him of $197 per day.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the provision imposing incarceration costs is deleted.

The Family Court confirmed the finding of the Hearing Examiner that the father was in willful contempt of an order requiring him to pay child support and directed his incarceration for four months, unless he purged the contempt by paying the sum of $2,750. The Family Court also directed the father to pay $197 per day to the County of Suffolk for the costs of his incarceration.

Family Court Act § 454 sets forth the powers of the Family Court upon a finding that an order of support was violated. That provision does not permit the imposition of the costs of incarceration. As the Family Court is a court of limited jurisdiction and cannot exercise powers beyond those which are granted to it by statute (*see Matter of Pearson v Pearson*, 69 NY2d 919, 921 [1987]), so much of the order as imposed incarceration costs upon the father must be reversed (*see Matter of Suffolk County Dept. of Social Servs. [Matthew] v Harry*, 306 AD2d 490 [2003]; *Matter of Moron v Moron*, 306 AD2d 349 [2003]; *Matter of DeMarco v Newton*, 305 AD2d 501 [2003]). S. Miller, J.P., Friedmann, Townes and Mastro, JJ., concur.