■ In the Matter of SHAREN OLSEN, Respondent, v MICHAEL UCCI, Appellant. [772 NYS2d 67]—

In a paternity proceeding pursuant to Family Court Act article 5, the father appeals, as limited by his brief, from so much of an order of the Family Court, Suffolk County (Spinner, J.), entered March 10, 2003, as, after a hearing, imposed incarceration costs upon him of $197 per day.

Ordered that on the Court's own motion the notice of appeal from an order of the same court dated October 23, 2002, is deemed a premature notice of appeal from the order entered March 10, 2003 (*see* CPLR 5520 [c]); and it is further,

Ordered that the order entered March 10, 2003, is reversed insofar as appealed from, on the law, without costs or disbursements, and the provision imposing incarceration costs is deleted.

Upon confirming the finding of the Hearing Examiner that

the father was in willful contempt of an order requiring him to pay child support, the Family Court directed his incarceration for a period of six months for contempt of court, unless he purged the contempt by paying the sum of $2,750, and further directed the father to pay the sum of $197 per day to the County of Suffolk for the cost of his own incarceration. The father appeals from so much of the order as imposed incarceration costs. We reverse the order insofar as appealed from.

The power of the Family Court, upon a finding that a support order was violated, is set forth in Family Court Act § 454. That provision does not permit the imposition of incarceration costs, and, as a court of limited jurisdiction, the Family Court cannot exercise powers beyond those which are granted to it by statute (*see Matter of Suffolk County Dept. of Social Servs. [Matthew] v Harry*, 306 AD2d 490 [2003]; *Matter of Moron v Moron*, 306 AD2d 349 [2003]; *Matter of DeMarco v Newton*, 305 AD2d 501 [2003]; *cf. Matter of Pearson v Pearson*, 69 NY2d 919, 921 [1987]). Therefore, the provision of the order imposing incarceration costs upon the father must be deleted (*see Matter of Suffolk County Dept. of Social Servs. [Matthew] v Harry, supra; Matter of Moron v Moron, supra; Matter of DeMarco v Newton, supra*). Florio, J.P., H. Miller, Schmidt and Crane, JJ., concur.