In the Matter of LORETTA HAMMONDS, Respondent, v VINCENT MOORE, Appellant. [774 NYS2d 759]—

In a support proceeding pursuant to Family Court Act article 4, the father appeals from so much of an order of the Family Court, Suffolk County (Spinner, J.), dated April 3, 2003, as, upon directing his incarceration for contempt of court, imposed incarceration costs upon him of $197 per day.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the provision imposing incarceration costs is deleted.

Upon confirming the findings of the hearing examiner that the father was in wilful violation of an order requiring him to pay child support, the Family Court directed his incarceration for 90 days unless he purged the contempt by payment of $1,186, and further ordered the father to pay $197 per day to Suffolk County for the costs of incarceration. The father appeals from so much of the order as imposed incarceration costs.

Family Court Act § 454 does not permit the imposition of incarceration costs. As a court of limited jurisdiction, the Family Court cannot exercise powers beyond those which are granted to it by statute (*see Matter of Pearson v Pearson,* 69 NY2d 919

[1987]; *Matter of DeMarco v Newton*, 305 AD2d 501 [2003]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.