Matter of Santos v Rivera (2019 NY Slip Op 00887)





Matter of Santos v Rivera


2019 NY Slip Op 00887


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-02133
 (Docket No. F-2741-16/16A)

[*1]In the Matter of Hugo Santos, respondent,
v
Anna Maria Rivera, appellant.


Anna Maria Rivera, Tobyhanna, PA, appellant pro se.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 5-B, the mother appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated January 3, 2018. The order denied the mother's objections to an order of the same court (Barbara O. Afriyie, S.M.) entered October 26, 2017, which denied the mother's motion, in effect, pursuant to CPLR 5015(a)(4) to vacate an order of support dated June 6, 2017, entered upon her failure to appear at a hearing.
ORDERED that the order dated January 3, 2018, is affirmed, without costs or disbursements.
The subject child, who was born in 2002, is the child of Anna Maria Rivera (hereinafter the mother) and Hugo Santos (hereinafter the father). The mother and the father were divorced in New York in 2011 by judgment of divorce. Pursuant to the judgment of divorce, the mother was awarded custody of the child, and neither party was awarded child support. In 2015, the Family Court, Bronx County, awarded the father physical custody of the child.
In 2016, pursuant to the Uniform Interstate Family Support Act (hereinafter the UIFSA), the father, who lived in Massachusetts, petitioned for an order establishing child support. The New York State Child Support Processing Center forwarded this proceeding to the Family Court, Orange County. The mother did not appear on the first court date, but she did appear on the second court date. The Support Magistrate granted an adjournment at that time and informed the parties that it would proceed at the next hearing even if one party did not appear. By order dated June 6, 2017, after the mother failed to appear at the next hearing, the Support Magistrate directed the mother to pay child support and retroactive child support.
The mother moved to vacate the order of support, contending that the Family Court lacked personal and subject matter jurisdiction. In an order entered October 26, 2017, the Support Magistrate denied the mother's motion to vacate the order of support, and the mother filed objections to the order entered October 26, 2017. In the order appealed from, the Family Court denied the mother's objections.
A court may relieve a party from an order where the court lacked "jurisdiction to render" the order (CPLR 5015[4]). "The United States Supreme Court has described personal [*2]jurisdiction as going to a court's power to exercise control over the parties, as opposed to subject matter jurisdiction, which is an absolute [stricture] on the court, in terms of its statutory or constitutional capacity to adjudicate particular types of suits" (Morrison v Budget Rent a Car Sys., 230 AD2d 253, 258 [emphasis and internal quotation marks omitted]). "[A] defense based on lack of personal jurisdiction may be waived" (id. at 260). In contrast, "[a] judgment or order issued without subject matter jurisdiction is void, and that defect may be raised at any time and may not be waived" (id. at 260 [internal quotation marks omitted]).
In 1996, the United States Congress required each state to enact the UIFSA to ensure uniformity in interstate actions for the establishment, enforcement, and modification of spousal and child support orders (see Matter of H.M. v E.T., 14 NY3d 521, 525-526). "New York adopted UIFSA in 1997, designating Family Court as our UIFSA tribunal'" (id. at 526; see Family Ct Act § 580-103[a]). Under UIFSA, a New York court "may exercise personal jurisdiction over a nonresident individual" in a proceeding to establish child support if, inter alia, "the individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document or other action having the effect of waiving any contest to personal jurisdiction" (Family Ct Act § 580-201[a][2]). As to subject matter jurisdiction, "the authority of the courts" of this State "to adjudicate classes of cases derives ultimately from article VI of the New York Constitution" (Morrison v Budget Rent A Car Sys., 230 AD2d at 258). The Family Court, "a court of limited jurisdiction" (Matter of Olsen v Ucci, 3 AD3d 570, 571), "shall have jurisdiction over . . . the support of dependents except for support incidental to actions and proceedings in this state for marital separation, divorce, annulment of marriage or dissolution of marriage" (NY Const, art VI, § 13[b][4]). Under UIFSA, where there is no preexisting support order, "a responding tribunal of this state with personal jurisdiction over the parties may issue a support order if: (1) the individual seeking the order resides outside this state" (Family Ct Act § 580-401[a][1]; see Family Ct Act §§ 411, 580-305[b][1]).
Here, the Family Court had personal jurisdiction over the mother pursuant to Family Court Act § 580-201(a)(2), as the mother "enter[ed] a general appearance" at which she did not contend that the court lacked jurisdiction over her (Family Ct Act § 580-201[a][2]). In addition, the court had subject matter jurisdiction, as the court had both constitutional and statutory authority to determine the father's petition to establish child support because there was no pending divorce proceeding, there was no preexisting child support order, the court had personal jurisdiction over the parties, and the father did not reside in New York (see NY Const, art VI, § 13[b][4]; Family Ct Act §§ 411, 580-103[a], 580-305[b][1], 580-401[a][1]).
Accordingly, we agree with the Family Court's denial of the mother's objections to the Support Magistrate's order denying the mother's motion to vacate the order of support.
MASTRO, J.P., LASALLE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court