| |
|---|
| **Martinez v Martinez** |
| 2024 NY Slip Op 33552(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 159286/2021 |
| Judge: James G. Clynes |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. JAMES G. CLYNES**                                    PART                    22M

*Justice*

-----------------------------------------------------------------------X

MICHAEL A. MARTINEZ, VALERIE ORTIZ

Plaintiffs,

- v -

GABRIEL MARTINEZ, BPP PCV OWNER, LLC,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159286/2021 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 32, 34, 35, 36, 37, 39, 40, 41, 42, 43, 44, 45, 52, 55

were read on this motion to/for                              JUDGMENT - SUMMARY                    .

Upon the foregoing documents, the motion by Plaintiff Martinez for summary judgment on the issue of liability against Defendants, setting the matter down for a date for an immediate trial as to damages is decided as follows:

Plaintiff seeks recovery for injuries allegedly sustained as a result of a September 10, 2021 motor vehicle accident between a moped motor bike operated by Plaintiff Martinez, upon which Plaintiff Ortiz was a passenger, and a vehicle owned by Defendant BPP PCV Owner, LLC and operated by Defendant Martinez.

Plaintiff contends that Defendants' negligence was the sole proximate cause of this accident. In support of his motion, Plaintiff relies in pertinent part on his examination before trial testimony and a sworn statement from nonparty Gloria Nieves.

Plaintiff testified that he was driving his moped without a license, Plaintiff Ortiz was on the moped with him, riding eastbound on 14th Street, there was a white security vehicle in front of him; the vehicle stopped, Plaintiff stopped, Plaintiff tried to go around him to the left and the white

security vehicle instantly "busted a U-turn," causing the driver's side of the vehicle to make contact with the front of the moped. Plaintiff testified that he did not see any blinkers, flashers, or hazard lights, and he did not hear the vehicle honk its horn prior to the accident.

Gloria Nieves averred that she observed a moped and a Safety (SUV) Vehicle collide directly in front of where she was standing, at the time of the accident, she did not observe or hear the SUV using any emergency lights or sirens, she observed the SUV vehicle in a horizontal position at the time of the accident and across the double yellow lines in the middle of street, she believes the SUV was making a U-turn on East 14th Street, she does not know the prior direction of travel of the SUV, but the moped, being driven by a man with a female passenger, was traveling eastbound on East 14th Street when the collision occurred.

In opposition, Defendants contend that Plaintiff's motion should be denied because Plaintiff was driving illegally and violated VTL 1126 (a), Plaintiff failed to exercise reasonable care to avoid the accident, and triable issues remain as to the Plaintiff's negligence and share of culpability for the accident. Defendants rely on the uncertified police report and Plaintiff's examination before trial testimony. Defendants contend that they are awaiting the signed deposition transcript of Plaintiff Ortiz and Defendant Martinez's examination before trial which had not taken place as of the opposition submission. The Court notes, however, that while Defendants rely on the testimony of Plaintiff Ortiz, neither party has supplied the Court with a copy of the transcript and thus the Court will not consider those contentions.

Defendants further rely on the affidavit of Defendant Driver Martinez, in which he avers that while in the regular course of his employment as a special patrolman for the Department of Public Safety of Stuyvesant Town, Peter Cooper Village, traveling eastbound on 14th Street approaching the intersection at Avenue B, just prior to the accident, he was fully stopped, he did

159286/2021   MARTINEZ, MICHAEL A. ET AL vs. MARTINEZ, GABRIEL ET AL          Page 2 of 5
Motion No. 001

2 of 5

not see any signs that would prohibit him from making the U-turn, he checked for oncoming traffic in all directions as well as for pedestrians in and around the area, after carefully checking his surroundings, he determined it was safe to perform the U-turn, upon nearly completing the U-turn, Plaintiff's vehicle suddenly struck the left side of his vehicle near the driver's side door.

In reply, Plaintiff Martinez submits the examination before trial testimony of Defendant Martinez. Plaintiff Martinez contends that Defendant Martinez acted negligently and recklessly in making a U-Turn when it was improper and dangerous to do so, by failing to yield the right of way, turning improperly, and using an unsafe speed, in violation of VTL 1161.

Defendant Martinez testified that he worked for BPP, LLC as a public safety officer, he was in his vehicle with a co-worker, right before the accident, he stopped for two to three seconds, checked to see if anyone was coming, saw no vehicles going westbound, put his blinkers on, made the U-turn, as he was finishing the U-turn, he saw the moped a half second before the impact, his vehicle was completely in the westbound lane when he was impacted facing north/west.

The Court notes that any supplemental opposition offered after the submission date will not be considered. Further, the Court did not receive a copy of the video and as such will not consider it in determining this matter. The Court also notes that Plaintiff Ortiz did not submit papers on this motion.

A party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, producing sufficient evidence to demonstrate the absence of any material issue of fact. Once this showing has been made, the burden shifts to the non-moving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution (*Giuffrida v Citibank Corp.*, 100 NY2d 72, 81 [2003] citing *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]).

159286/2021 MARTINEZ, MICHAEL A. ET AL vs. MARTINEZ, GABRIEL ET AL
Motion No. 001

Page 3 of 5

[* 3]

Plaintiff Martinez established prima facie entitlement to judgment as a matter of law on the issue of liability. Plaintiff Martinez established that he was traveling with the right-of-way when Defendant Martinez stopped and made a U-turn in front of Plaintiff Martinez's vehicle (*see Criollo v Maggies Paratransit Corp.*, 155 AD3d 683 [2d Dept 2017]). In opposition, Defendant Martinez failed to raise any issue of fact to preclude liability in Plaintiff Martinez's favor (*see Morales v Chuquillanqui*, 159 AD3d 605 [1st Dept 2018]).

While a driver is negligent if he or she fails to see that which, through the proper use of one's senses, should have been seen (*Allen v Echols*, 88 AD3d 926, 927 [2d Dept 2011]), a plaintiff is not required to demonstrate the absence of fault on their part (*Rodriguez v City of New York*, 31 NY3d 312 [2018]), nor are they required to establish that the defendant's conduct was the sole proximate cause of the accident (*Simmons v Bergh*, 192 AD3d 547 [1st Dept 2021]). Here, Defendant Martinez has raised an issue of fact as to whether his conduct was the sole cause of the accident. Therefore, any issues of comparative fault will be left for the trier of fact (*Wilson v Rosedom*, 82 AD3d 970 [2d Dept 2011]).

The remaining branch of Plaintiff Martinez's motion seeking to schedule this matter for an immediate trial on damages is denied. In Defendants' Answer, they asserted, among other things, an affirmative defense alleging that Plaintiffs' culpable conduct caused the accident. In the instant motion Plaintiff Martinez did not move to dismiss this affirmative defense, nor has the Court issued an order determining that all issues regarding liability have been resolved. Accordingly, it is

**ORDERED** that the motion by Plaintiff Martinez for summary judgment on the issue of liability against Defendants is granted; and it is further

**ORDERED** that the branch of the motion setting the matter down for a date for an immediate trial as to damages is denied; and it is further

159286/2021 MARTINEZ, MICHAEL A. ET AL vs. MARTINEZ, GABRIEL ET AL
Motion No. 001

Page 4 of 5

**ORDERED** that within 30 days of entry, Plaintiff Martinez shall serve a copy of this Decision and Order upon all parties with Notice of Entry.

This constitutes the Decision and Order of the Court

| 10/7/2024 | |
| --- | --- |
| DATE | JAMES G. CLYNES, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

159286/2021 MARTINEZ, MICHAEL A. ET AL vs. MARTINEZ, GABRIEL ET AL
Motion No. 001

Page 5 of 5

5 of 5

[* 5]