■ THOMAS McCOLE et al., Respondents, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION, Formerly Known as NEW YORK CITY PUBLIC DEVELOPMENT CORPORATION, Appellant. (And a Third-Party Action.) [634 NYS2d 183] —In an action to recover damages for personal injuries, etc., the defendant New York City Economic Development Corporation f/k/a New York City Public Development Corporation appeals from so much of an order of the Supreme Court, Kings County (Bernstein, J.), dated March 7, 1994, as denied its cross motion for summary judgment dismissing the plaintiffs' complaint insofar as it is asserted against it and all cross claims against it. The appeal brings up for review so much of an order of the same court, dated September 12, 1994, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that the appeal from the order dated March 7, 1994, is dismissed, as that order was superseded by the order dated September 12, 1994, made upon reargument; and it is further,

Ordered that the order dated September 12, 1994, is reversed insofar as reviewed, on the law, the provision of the order dated March 7, 1994, which denied the appellant's cross mo-

tion for summary judgment is vacated, the cross motion is granted, the plaintiffs' complaint insofar as it is asserted against the appellant and all cross claims against the appellant are dismissed, and the action against the remaining defendants is severed; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the plaintiffs.

The plaintiff Thomas McCole was employed by the third-party defendant Dale Piping Corporation (hereinafter Dale), a subcontractor at a construction site on property leased by the appellant. On March 16, 1990, he changed into his street clothes in a shanty leased by Dale from the defendant Cerco Products, Inc., and wired for electricity by the defendant Forest Electric Corp. As he was leaving the shanty, he placed his foot on the door saddle and his two hands on the left and right door jambs and received an electric shock which catapulted him out of the shanty, causing personal injuries. The Occupational Safety and Health Administration later determined that an electric outlet at the accident site was defective, because its neutral and ground polarity were reversed.

The plaintiffs do not have a cause of action under Labor Law § 241 (6) against the appellant. The implementing regulations cited by the plaintiffs in support of this cause of action were either inapplicable to the facts of this case, or were based on general descriptive terms which are inadequate to support a cause of action pursuant to Labor Law § 241 (6) (see, Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494; Biszick v Ninnie Constr. Corp., 209 AD2d 661; Goodineer v County of Orange, 205 AD2d 584). Nor do the plaintiffs have a cause of action pursuant to Labor Law § 240 (1) because the plaintiff was not injured as the result of elevation-related hazard (see, Smith v New York State Elec. & Gas Corp., 82 NY2d 781; D'Avila v City of New York, 205 AD2d 729). Further, there was no evidence that the appellant exercised any supervision or control over the work (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876; Lombardi v Stout, 80 NY2d 290), or could have, upon a reasonable inspection, detected the alleged latent defect which purportedly caused the injured plaintiff's injuries (see, Monroe v City of New York, 67 AD2d 89). Therefore, the plaintiffs do not have a cause of action against the appellant pursuant to Labor Law § 200 (1).

Accordingly, the plaintiffs' complaint, insofar as it is asserted against the appellant, is dismissed, and all cross claims against the appellant are dismissed. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.