■ DANIEL MUNROE, Appellant, v NEW WINDSOR BUSINESS PARK ASSOCIATES et al., Defendants and Third-Party Plaintiffs-Respondents. DICHIARO CONSTRUCTION COMPANY, Third-Party Defendant-Respondent. [643 NYS2d 391] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated December 21, 1994, as, upon the granting of the defendants' motion pursuant to

CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case dismissing the Labor Law § 241 (6) cause of action, dismissed the Labor Law § 241 (6) cause of action.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The Supreme Court did not err in granting the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law at the close of the plaintiff's case dismissing the Labor Law § 241 (6) cause of action. The implementing regulations cited by the plaintiff in support of this cause of action were either based upon general descriptive terms, which would not support a Labor Law § 241 (6) cause of action, or were inapplicable to the facts of this case (*see, Ross v Curtis Palmer Hydro-Elec. Co.,* 81 NY2d 494; *McCole v City of New York,* 221 AD2d 605; *Vernieri v Empire Realty Co.,* 219 AD2d 593). Balletta, J. P., Miller, Sullivan and Copertino, JJ., concur.