■ ROBERT BRIGLIO et al., Appellants, v THE J.D.K. GROUP, INC., et al., Respondents, et al., Defendants. [656 NYS2d 925] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Queens County (O'Donoghue, J.), dated August 15, 1995, which granted the separate motions of the defendants The J.D.K. Group, Inc., Radio City Plumbing & Heating Co., Inc., Rector, Churchwardens & Vestrymen of Trinity Church s/h/a Trinity Realty Corp., and Rite-Way Demolition Co., a/k/a Rite-Way Demolition, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and denied their cross motion, *inter alia*, for summary judgment against those defendants, and (2) four judgments of the same court entered October 13, 1995 (Radio City Plumbing & Heating Co., Inc.), November 16, 1995 (The J.D.K. Group, Inc.), November 21, 1995 (Rite-Way Demolition Co., a/k/a Rite-Way Demolition, Inc.), and November 22, 1995 (Rector, Churchwardens & Vestrymen of Trinity Church, s/h/a Trinity Realty Corp.), respectively, upon the order.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeals from the judgments entered October 13, 1995, and November 22, 1995, respectively, against Radio City Plumbing and Heating Co., Inc., and Trinity Realty Corp. are dismissed as withdrawn; and it is further,

Ordered that the remaining judgments, both entered November 21, 1995, are affirmed; and it is further,

Ordered that the defendants The J.D.K. Group, Inc., and Rite-Way Demolition Co. a/k/a Rite-Way Demolition, Inc., are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeals from the judgments (CPLR 5501 [a] [1]).

The Supreme Court properly granted summary judgment dismissing the plaintiffs' complaint which sought recovery based on Labor Law § 240 (1), § 241 (6), and § 200. With respect to that portion of Briglio's cause of action based on Labor Law § 240 (1), the plaintiff Robert Briglio was not injured as the result of an elevation-related risk (*see, Misseritti v Mark IV Constr. Co.,* 86 NY2d 487; *Rodriguez v Tietz Ctr. for Nursing Care,* 84 NY2d 841; *Abreu v Manhattan Plaza Assocs.,* 214 AD2d 526; *Schreiner v Cremosa Cheese Corp.,* 202 AD2d 657).

With respect to Labor Law § 241 (6), the alleged violations of the Industrial Code regulations (12 NYCRR part 23) were not a proximate cause of the accident (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *McCole v City of New York,* 221 AD2d 605; *Munroe v New Windsor Bus. Park Assocs.,* 227 AD2d 600). As to Labor Law § 200, the record establishes that neither of the remaining defendants directed or controlled Briglio's work (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Ross v Curtis-Palmer Hydro-Elec. Co., supra; Lombardi v Stout,* 80 NY2d 290; *Pazmino v Woodside Dev. Co.,* 212 AD2d 520). Ritter, J. P., Altman, Krausman and Luciano, JJ., concur.