RICHARD MOISA, Respondent, v ATLANTIC COLLABORATIVE CONSTRUCTION COMPANY, INC., et al., Appellants. [922 NYS2d 405]—

In an action, inter alia, to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated December 31, 2009, as denied that branch of their motion which was for summary judgment dismissing so much of the fourth cause of action as alleged a violation of Labor Law § 241 (6) based upon a violation of 12 NYCRR 23-2.1.

Ordered that the appeal by the defendant Douglas Lloyd is dismissed as abandoned; and it is further,

Ordered that the order is reversed insofar as appealed from by the defendant Atlantic Collaborative Construction Company, Inc., on the law, and that branch of the defendants' motion which was for summary judgment dismissing so much of the fourth cause of action insofar as asserted against the defendant Atlantic Collaborative Construction Company, Inc., as alleged a violation of Labor Law § 241 (6) based upon a violation of 12 NYCRR 23-2.1, is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant Atlantic Collaborative Construction Company, Inc.

In 2005 the defendant Douglas Lloyd entered into a contract with the defendant Atlantic Collaborative Construction Company, Inc. (hereinafter Atlantic), for the construction of a single-

family dwelling on a parcel of property he owned in Amagansett. One of the subcontractors hired by Atlantic was Forge Heating and Air Conditioning (hereinafter Forge). The plaintiff was employed by Forge as a heating, ventilation, and air conditioning mechanic. On July 22, 2005, the plaintiff was engaged in digging a trench at the construction site. The plaintiff testified at his deposition that scaffolding had been erected over the area of the trench where he and his coworkers were digging. The plaintiff testified at his deposition that "we wanted to see if we could get [the scaffolding] moved," but "[Atlantic] had nobody there that was authorized to move the scaffold . . . so we left it and worked underneath it." He further averred that, as he was digging in this area, he "picked up a scoop of dirt and debris with the shovel and . . . rotated to [his] left side to dump it, and that's when [his] back went out."

The plaintiff commenced this action against Lloyd and Atlantic (hereinafter together the defendants) asserting causes of action sounding in Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence. Thereafter, the defendants moved for summary judgment dismissing the complaint. In its order, the Supreme Court awarded the summary judgment to Lloyd dismissing the complaint in its entirety insofar as asserted against him. In the same order, the Supreme Court awarded summary judgment to Atlantic dismissing the Labor Law § 240 (1) cause of action insofar as asserted against it, but denied those branches of the defendants' motion which was for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6), and common-law negligence insofar as asserted against Atlantic. However, with respect to the Labor Law § 241 (6) cause of action, the Supreme Court concluded that only one of the provisions of the Industrial Code cited by the plaintiff—12 NYCRR 23-2.1, referable to storage of material or equipment and disposal of debris—applied to the circumstances of the accident. We reverse the order insofar as appealed from by Atlantic.

We note that the notice of appeal limited the appeal to only so much of the order as denied that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action in its entirety. In light of the limited scope of the notice of appeal, Atlantic's contentions with respect to the common-law negligence and Labor Law § 200 causes of action are not properly before this Court (*see City of Mount Vernon v Mount Vernon Hous. Auth.*, 235 AD2d 516 [1997]; *see also Paterno v Carroll*, 75 AD3d 625 [2010]; *Commissioners of the State Ins. Fund v Ramos*, 63 AD3d 453 [2009];

*Huger v Cushman & Wakefield, Inc.*, 58 AD3d 682 [2009]; *Ferguson Elec. Co. v Kendal at Ithaca*, 284 AD2d 643 [2001]).

Under the circumstances of this case, the Supreme Court incorrectly concluded that Atlantic's alleged violation of 12 NYCRR 23-2.1 could serve as a basis for the plaintiff's Labor Law § 241 (6) cause of action. 12 NYCRR 23-2.1 (a) is not applicable, as the plaintiff's injury did not occur as a result of improperly stored building material or equipment and, further, the injury did not occur in a "passageway, walkway, stairway or other thoroughfare" (12 NYCRR 23-2.1 [a] [1]; *see* 12 NYCRR 23.2.1 [a] [2]). Additionally, even if 12 NYCRR 23-2.1 (b), referable to disposal of debris, were applicable here, Atlantic demonstrated its prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action by proof that any alleged violation of 12 NYCRR 23-2.1 (b) was not the proximate cause of the plaintiff's injury, as the evidence demonstrated that the injury was caused by the manner is which the plaintiff rotated his back while having to dig in a narrow trench. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, Atlantic is entitled to summary judgment dismissing the cause of action based on Labor Law § 241 (6) insofar as asserted against it in its entirety (*see Briglio v J.D.K. Group*, 238 AD2d 297 [1997]; *see also Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]; *McCole v City of New York*, 221 AD2d 605 [1995]; *Munroe v New Windsor Bus. Park Assoc.*, 227 AD2d 600 [1996]). Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur. **[Prior Case History: 2009 NY Slip Op 33207(U).]**