■ JOSEPH ANNICARO, Appellant, v CORPORATE SUITES, INC., et al., Defendants, and RFR REALTY, LLC, et al., Respondents. (And Third-Party Actions.) [949 NYS2d 717]—

In an action to recover damages for personal injuries, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated June 15, 2011, as denied those branches of his motion which were for summary judgment on the issue of liability on the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against the defendants RFR Realty, LLC, Corporate Suites 757, LLC, and 757 3rd Avenue Associates, LLC, and granted those branches of the cross motion of the defendants RFR Realty, LLC, Corporate Suites 757, LLC, and 757 3rd Avenue Associates, LLC, which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241 (6) insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant 757 3rd Avenue Associates, LLC (hereinafter 757 3rd Avenue), owned a commercial building in Manhattan. The defendant RFR Realty, LLC (hereinafter RFR Realty), managed the building. The defendant Corporate Suites 757, LLC (hereinafter Corporate Suites), leased the 20th and 21st floors of the building.

Corporate Suites engaged certain contractors, including Millenium Contracting Services Corp. (hereinafter Millenium), for a construction project to renovate the demised premises. A Corporate Suites employee supervised Millenium's employees.

The plaintiff was a Millenium employee. His job was to clean up the debris generated by the construction project, thereby making the site safer for the workers. On November 25, 2008, at 11:40 a.m., the plaintiff, who had been directed to remove debris from an unfinished interior staircase, began removing the debris. Starting with the top tread, he used a broom to sweep debris on each tread down to the bottom of the staircase. When he finished cleaning a tread, he would step backwards, onto a lower tread.

When the plaintiff stepped backwards off of one of the treads, he stepped onto a long, thin, threaded metal rod. The plaintiff, who had seen other threaded rods lying about the construction site on prior occasions, described them as "garbage" that he would pick up and discard. Hence, he indicated that if had seen the threaded rod that he stepped onto, he would have picked it up and discarded it. The plaintiff's foot rolled off of the threaded rod. As a result, the plaintiff lost his balance, and fell down the staircase.

The plaintiff allegedly sustained certain injuries as a result of the accident. He commenced this personal injury action, alleg-

ing violations of, inter alia, Labor Law §§ 200 and 241 (6), as well as common-law negligence.

Owners and general contractors, and their agents, have a common-law duty to provide employees with a safe place to work (*see Ramos v Patchogue-Medford School Dist.*, 73 AD3d 1010, 1011 [2010]). Labor Law § 200 merely codified that duty (*see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 316-317 [1981]).

The common-law duty to provide employees with a safe place to work does not extend to hazards that are part of, or inherent in, the very work the employee is to perform (*see Hansen v Trustees of M.E. Church of Glen Cove*, 51 AD3d 725, 726 [2008]). Here, RFR Realty, Corporate Suites, and 757 3rd Avenue (hereinafter collectively the RFR defendants) established, prima facie, that the plaintiff's job responsibilities required him to keep a particular area free of debris, and that his alleged injuries were caused by debris in that area (*see Imtanios v Goldman Sachs*, 44 AD3d 383, 385-386 [2007]; *Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57, 63 [2006]). Since, in opposition, the plaintiff failed to raise a triable issue of fact, the Supreme Court properly granted those branches of the RFR defendants' cross motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them. For the same reasons, the Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on those causes of action.

Labor Law § 241 (6) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide reasonable and adequate protection and safety for workers, and to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878 [1993]; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502 [1993]; *Russin v Louis N. Picciano & Son*, 54 NY2d at 317-318). To prevail on a cause of action alleging a violation of Labor Law § 241 (6), a plaintiff must establish the violation of a specific and concrete provision of the Industrial Code, and that such violation was a proximate cause of his or her injuries (*see Rakowicz v Fashion Inst. of Tech.*, 56 AD3d 747 [2008]).

The plaintiff alleged that certain regulations were violated, and that such violations were proximate causes of his alleged injuries. However, the RFR defendants established, prima facie, that some of those regulations were inapplicable or were complied with (*see Paladino v Society of N.Y. Hosp.*, 307 AD2d

343, 345 [2003]). The RFR defendants also established, prima facie, that any violations of the remaining regulations were not proximate causes of the plaintiff's alleged injuries (*see Briglio v J.D.K. Group*, 238 AD2d 297, 298 [1997]). Since, in opposition, the plaintiff failed to raise a triable issue of fact, the Supreme Court properly granted that branch of the RFR defendants' cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against them. For the same reasons, the Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action. Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.