■ KIRK LOPEZ, Appellant, v EDGE 11211, LLC, et al., Respondents. [56 NYS3d 187]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Minardo, J.), entered July 15, 2014, which, upon an order of the same court dated June 13, 2014, granting the defendants' motion for summary judgment dismissing the complaint, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a tile setter, allegedly was injured while working on a project to construct a 30-story condominium building. The plaintiff alleges that he slipped and fell on unsecured rosin paper placed on a three-step interior pool staircase.

The plaintiff commenced this action against the defendants Edge 11211, LLC, Douglas Development, and Levine Builders (hereinafter collectively the defendants), alleging violations of Labor Law §§ 200, 240 (1), and 241 (6), and common-law negligence. After discovery, the defendants moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion.

In support of that branch of their motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1), the defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the plaintiff's injuries were not the direct consequence of the application of the force of gravity to an object or person (see *Runner v New York Stock Exch., Inc.*, 13 NY3d 599 [2009]) and, thus, fell outside the ambit of Labor Law § 240 (1). In opposition, the plaintiff failed to raise a triable issue of fact.

The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241 (6) cause of action, premised upon a violation of 12 NYCRR 23-1.7 (d), by establishing that the protective rosin paper upon which the plaintiff slipped was an integral part of the tile work (see *Johnson v 923 Fifth Ave. Condominium*, 102 AD3d 592 [2013]; *Rajkumar v Budd Contr. Corp.*, 77 AD3d 595 [2010]; *Galazka v WFP One Liberty Plaza Co., LLC*, 55 AD3d 789 [2008]). As such, the rosin paper does not constitute a "foreign substance" within the meaning of 12 NYCRR 23-1.7 (d) (see *O'Sullivan v IDI Constr. Co., Inc.*, 7 NY3d 805 [2006]). In opposition, the plaintiff failed to raise a triable issue of fact.

Similarly, the defendants established their prima facie

entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence, since they demonstrated, by submitting the transcript of the plaintiff's deposition testimony, that they lacked the authority to supervise or control the injury-producing work (*see Allan v DHL Express [USA], Inc.*, 99 AD3d 828 [2012]; *Pilato v 866 U.N. Plaza Assoc., LLC*, 77 AD3d 644 [2010]; *Kwang Ho Kim v D & W Shin Realty Corp.*, 47 AD3d 616 [2008]). The plaintiff testified at his deposition that he worked solely under the direction of his employer's foreman and was not supervised by anyone else. In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contentions, the relevant contracts did not provide the defendants with the authority to supervise and control the tile work that allegedly caused the plaintiff's injuries.

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.