In an action to recover damages for personal injuries, the defendants Roman Kazachok and Diana Yagudayeva separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated May 11, 2016, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Rudolf Rakhaminov, individually, against each of them, on the ground that the plaintiff Rudolf Rakhami-nov did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and as granted, without prejudice, those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff D.R., an infant by his father and natural guardian, Rudolf Rakhaminov, against each of them, on the ground that the infant plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
 

 Ordered that the appeals from so much of the order as granted those branches of the defendants’ respective motions which were for summary judgment dismissing the complaint insofar as asserted by the infant plaintiff against each of the defendants are dismissed, as the defendants are not aggrieved by that portion of the order (see Mixon v TBV, Inc., 76 AD3d 144 [2010]; Drepaul v Allstate Ins. Co., 299 AD2d 391, 392-393 [2002]); and it is further,
 

 Ordered that the order is affirmed insofar as reviewed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiffs.
 

 The defendants, moving separately but relying on the same evidence and arguments, met their prima facie burden of showing that the plaintiff Rudolf Rakhaminov, individually, did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the lumbar region of Rakhaminov’s spine did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]). The defendants also submitted evidence establishing that Rakhaminov did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see generally Karpinos v Cora, 89 AD3d 994, 995 [2011]; Richards v Tyson, 64 AD3d 760, 761 [2009]).
 

 In opposition, however, the plaintiffs submitted evidence raising triable issues of fact as to whether Rakhaminov sustained a serious injury to the lumbar region of his spine, and whether he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court properly denied those branches of the defendants’ respective motions which were for summary judgment dismissing the complaint insofar as asserted by Rakhaminov against each of them.
 

 Balkin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.