Seong Deok Choe v Sumba (2019 NY Slip Op 01633)





Seong Deok Choe v Sumba


2019 NY Slip Op 01633


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2017-00732
 (Index No. 13404/13)

[*1]Seong Deok Choe, appellant,
v
Jose Sumba, et al., respondents.


Andrew Park, P.C., New York, NY (Steve J. Park of counsel), for appellant.
Carman, Callahan & Ingham, LLP, Farmingdale, NY (Paul A. Barrett and Gil Auslander of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered November 15, 2016. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On July 4, 2013, in Queens, a vehicle operated by the plaintiff collided with a vehicle operated by the defendant Ramin P. Mandavi and owned by the defendant Jose Sumba (hereinafter together the defendants). Shortly thereafter, the plaintiff commenced this action, alleging in his bill of particulars that he sustained serious injuries to his right knee and lumbar spine. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
We disagree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint. The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). In support of their motion, the defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the plaintiff's right knee and the lumbar region of his spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Kholdarov v Hyman, 165 AD3d 1087; Staff v Yshua, 59 AD3d 614). The defendants also submitted evidence establishing, prima facie, that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see D.R. v Kazachok, 155 AD3d 657). In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to the lumbar region of his spine (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., DILLON, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court