Turgeon v Vassar Coll. (2019 NY Slip Op 03838)





Turgeon v Vassar Coll.


2019 NY Slip Op 03838


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-11469
 (Index No. 1727/14)

[*1]Chad Turgeon, appellant,
v
Vassar College, et al., respondents.


Finkelstein & Partners, LLP, Newburgh, NY (Lawrence D. Lissauer of counsel), for appellant.
Gartner + Bloom, P.C., New York, NY (Anne E. Armstrong of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (James D. Pagones, J.), dated September 16, 2016. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
ORDERED that the order is affirmed insofar as appealed from, with costs.
On July 21, 2012, the plaintiff, who was employed by nonparty Debrino Caulking Associates, Inc. (hereinafter Debrino), as a mason tender, was injured while working when tiles or stones fell from the side of a building, known as Rockefeller Hall, that was owned by the defendant Vassar College (hereinafter Vassar). Vassar hired the defendant Kirchhoff-Consigli Construction Management, LLC (hereinafter Kirchhoff), as general contractor for the work to be performed on Rockefeller Hall. Pursuant to a subcontract, Kirchhoff retained Debrino to perform masonry restoration on Rockefeller Hall.
On the day of the incident, the plaintiff was assisting a mason, who was also employed by Debrino, to replace tiles or stones on the western facade of Rockefeller Hall at the third- floor level. According to the plaintiff's testimony at his deposition, each tile or stone weighed approximately 55 to 60 pounds. To reach the third-floor level, the plaintiff and the mason were in a lift. The plaintiff testified that after the mason removed one tile or stone from the third-floor level, three tiles or stones above the location of the removed tile or stone started to fall off the building. The plaintiff stated that he reached out with his left hand to push them back in. According to the plaintiff, the three tiles or stones "instantly dropped right down" and severed his right thumb.
The plaintiff commenced this action against Vassar and Kirchoff (hereinafter together the defendants) alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6). The defendants moved for summary judgment dismissing the complaint. In an order dated [*2]September 16, 2016, the Supreme Court granted the defendants' motion. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the Labor Law § 241(6) cause of action, which was premised upon alleged violations of Industrial Code (12 NYCRR) §§ 23-1.18, 23-1.33(a), 23-3.2, and 23-3.3(c). 12 NYCRR 23-3.2 and 23-3.3(c), by their express terms, apply only to demolition. Here, since the plaintiff was not engaged in demolition, defined as "[t]he work incidental to or associated with the total or partial dismantling or razing of a building or other structure" (12 NYCRR 23-1.4[b][16]), these sections do not apply (see Pol v City of New York, 126 AD3d 526, 526; Ramirez v Metropolitan Transp. Auth., 106 AD3d 799, 801; Solis v 32 Sixth Ave. Co. LLC, 38 AD3d 389, 389-390; Sparkes v Berger, 11 AD3d 601, 602). In addition, 12 NYCRR 23-1.33(a) does not apply to workers on a construction site (see Mancini v Pedra Const., 293 AD2d 453, 454; Lawyer v Hoffman, 275 AD2d 541, 542). The defendants also established that 12 NYCRR 23-1.18, which relates to the requirements of sidewalk sheds, is inapplicable to the facts of this case (see generally Johnson v Lend Lease Constr. LMB, Inc., 164 AD3d 1222, 1223). Even if a sidewalk shed were required by 12 NYCRR 23-1.18, the defendants established, prima facie, that the lack of a sidewalk shed was not the proximate cause of the plaintiff's injuries, as the plaintiff was in a lift at the third-floor level of the building at the time of the accident (see Annicaro v Corporate Suites, Inc., 98 AD3d 542, 545; Moisa v Atlantic Collaborative Constr. Co., Inc., 83 AD3d 675, 677; Briglio v J.D.K. Group, 238 AD2d 297, 298). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The defendants also established their prima facie entitlement to judgment as a matter of law dismissing the causes of action to recover damages for violation of Labor Law § 200 and for common-law negligence (see Johnson v Lend Lease Constr. LMB, Inc., 164 AD3d at 1223; Lopez v Edge 11211, LLC, 150 AD3d 1214, 1215-1216). "Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 61). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; see Lombardi v Stout, 80 NY2d 290, 295). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (id.; see Suconota v Knickerbocker Props., LLC, 116 AD3d 508, 508).
Contrary to the plaintiff's contentions, the defendants established, prima facie, that the accident did not arise from a dangerous or defective premises condition but from the method and manner of the work (see Poulin v Ultimate Homes, Inc., 166 AD3d at 672; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144). The plaintiff's deposition testimony, as well as the deposition testimony of the mason, establish that the three tiles or stones fell after the mason, who was a Debrino employee, removed a tile or stone beneath them. The defendants further established that they did not exercise supervision or control over the performance of the work giving rise to the accident (see Lopez v Edge 11211, LLC, 150 AD3d at 1216; Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509). The plaintiff testified at his deposition that he received instructions only from Debrino employees and did not receive instructions from anyone else (see Lopez v Edge 11211, LLC, 150 AD3d at 1216; Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509). In opposition, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and violations of Labor Law §§ 200 and 241(6).
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court