People v Southcroft, LLC (2019 NY Slip Op 08853)





People v Southcroft, LLC


2019 NY Slip Op 08853


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

2018-10920
 (Index No. 21310/10)
[*1]Zdzistaw Pchelka, appellant, v
v
Southcroft, LLC,
defendant, 322 West 57th Street Condominium,
et al., respondents.
 
 
Bader & Yakaitis, LLP, New York, NY (Jesse M. Young of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (David A. LoRe of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), dated June 22, 2018. The order, insofar as appealed from, granted those branches of the motion of the defendants 322 West 57th Street Condominium, 322 West 57th Owner, LLC, Rose Associates, Inc., Pinnacle Contractors of New York, Inc., and Pinnacle Interiors, Inc., which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, a plumber's assistant, was injured on May 6, 2010, while working for nonparty Donato Plumbing & Heating (hereinafter Donato) in an apartment building which was undergoing conversion into condominium units. Donato was a plumbing subcontractor on the project. As part of the subcontract, Donato was required to complete the "rough" and "finish" plumbing work on various floors, including the 15th floor.
The plaintiff testified at his deposition that after he arrived at the job site on May 6, 2010, his foreman instructed him to change a drain pipe that was going to be connected to a bathroom sink in a unit on the 15th floor. Working alone, the plaintiff completed the replacement of the drain pipe within 15 minutes. Although he was not instructed to do so, the plaintiff then inspected the hot and cold water lines. Caps were screwed onto "nipples" at the ends of the hot and cold water lines. The plaintiff grabbed the cap on the hot water line with his left hand to make sure that it was secure. He testified that as soon as he grabbed the cap, it "exploded" off under strong water pressure, and his left hand was burned by hot water.
The plaintiff commenced this personal injury action against, among others, the defendants 322 West 57th Street Condominium, 322 West 57th Owner, LLC, Rose Associates, Inc., Pinnacle Contractors of New York, Inc., and Pinnacle Interiors, Inc. (hereinafter collectively the defendants), alleging common-law negligence and violations of Labor Law §§ 200 and 241(6). Following the completion of discovery, the defendants moved for summary judgment dismissing the [*2]complaint insofar as asserted against them. In an order dated June 22, 2018, the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them.
The defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them by demonstrating that the accident was the result of the means and methods of the plaintiff's work, that the plaintiff's work was directed and controlled by his employer, and that the defendants had no authority to exercise control over his work (see Clark v FC Yonkers Assoc., LLC, 172 AD3d 1159; Kusayev v Sussex Apts. Assoc., LLC, 163 AD3d 943; Messina v City of New York, 147 AD3d 748).
"Labor Law § 200(1) is a codification of the common-law duty of an owner or general contractor to provide workers with a safe place to work" (Ortega v Puccia, 57 AD3d 54, 60; see Turgeon v Vassar Coll., 172 AD3d 1134, 1135-1136; Poulin v Ultimate Homes, Inc., 166 AD3d 667, 670). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 61). Where "a claim arises out of alleged defects or dangers arising from a subcontractor's methods or materials, recovery against the owner or general contractor cannot be had unless it is shown that the party to be charged exercised some supervisory control over the operation" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505; see Lombardi v Stout, 80 NY2d 290, 295). "A defendant has the authority to supervise or control the work for purposes of Labor Law § 200 when that defendant bears the responsibility for the manner in which the work is performed" (Ortega v Puccia, 57 AD3d at 62). "[M]ere general supervisory authority at a work site for the purpose of overseeing the progress of the work and inspecting the work product is insufficient to impose liability under Labor Law § 200" (id.; see Suconota v Knickerbocker Props., LLC, 116 AD3d 508, 508).
Contrary to the plaintiff's contention, the defendants established, prima facie, that the accident did not arise from a dangerous or defective premises condition, but from the method and manner of the work (see Turgeon v Vassar Coll., 172 AD3d at 1136; Poulin v Ultimate Homes, Inc., 166 AD3d at 672; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 144). The plaintiff's deposition testimony established that the cap on the hot water line "exploded" off when he grabbed it with his left hand, and the deposition testimony of the general contractor's site superintendent established that the plumbing subcontractor installed the caps on the hot and cold water lines. The plaintiff acknowledged that he was not directed to inspect the hot and cold water lines, that his only job was to replace the drain pipe under the sink, and that the job he was directed to perform did not require the water to be shut off. The defendants further established, prima facie, that they did not exercise supervision or control over the performance of the work giving rise to the accident (see Lopez v Edge 11211, LLC, 150 AD3d 1214, 1215-1216; Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509). The plaintiff testified at his deposition that he received instructions only from Donato employees and did not receive instructions from anyone else (see Lopez v Edge 11211, LLC, 150 AD3d at 1216; Suconota v Knickerbocker Props., LLC, 116 AD3d at 508-509). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination granting those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 insofar as asserted against them.
MASTRO, J.P., BALKIN, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court