Pacheco v Judlau Contr., Inc. (2020 NY Slip Op 05216)





Pacheco v Judlau Contr., Inc.


2020 NY Slip Op 05216


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2018-05670
 (Index No. 701887/16)

[*1]Jose Pacheco, respondent, 
v
Judlau Contracting, Inc., et al., appellants.


Andrea G. Sawyers, Melville, NY (Dominic P. Zafonte of counsel), for appellants.
David Horowitz, PC, New York, NY (David Fischman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), entered April 19, 2018. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 are granted.
On January 12, 2014, the plaintiff, an excavating laborer who specialized in shoveling, was working for nonparty Providence Construction (hereinafter Providence), which had been hired by the general contractor, nonparty JTJ, a joint venture consisting of the defendants, Judlau Contracting, Inc., and J-Track, LLC, and another, to perform demolition inside a subway tunnel as part of a rehabilitation project. The plaintiff's specific task was to shovel concrete debris, which had been chipped from the subway tunnel's walls, into bags for removal. During the project, eight-by-four foot pieces of plywood had been placed atop the subway tracks covering its rails and the trough between the rails, onto which the debris would fall making it easier to shovel. The plaintiff allegedly was injured when his shovel struck a rail of a track that was not covered by plywood.
The plaintiff commenced this action to recover damages for personal injuries against the defendants alleging, inter alia, common-law negligence and a violation of Labor Law § 200. The defendants moved, among other things, for summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action, contending, inter alia, that the plaintiff's injuries were caused by the ordinary and obvious hazards inherent to the work that his employer had been hired to perform. The Supreme Court denied those branches of the defendants' motion, and the defendants appeal.
"Owners and general contractors, and their agents, have a common-law duty to provide employees with a safe place to work" (Annicaro v Corporate Suites, Inc., 98 AD3d 542, 544; see Gasper v Ford Motor Co., 13 NY2d 104, 110). Labor Law § 200 codified that duty (see Russin [*2]v Louis N. Picciano & Son, 54 NY2d 311, 316-317). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Ortega v Puccia, 57 AD3d 54, 61). The duty to provide workers with a safe place to work does not extend to hazards that are part of, or inherent in, the very work the worker is performing or defects the worker is hired to repair (see Annicaro v Corporate Suites, Inc., 98 AD3d at 544).
Here, the defendants established, prima facie, that the plaintiff's job responsibilities required him to remove the debris from the subway tracks, and that his alleged injuries were caused in the normal course of his removal of the debris in that area (see id. at 544). In support of their motion, the defendants submitted, among other things, the transcripts of the deposition testimony of J-Track LLC's general foreman and Providence's foreman, which demonstrated that Providence decided to and actually placed the plywood over the tracks for the purpose of making it easier to remove the debris rather than for a safety purpose. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200.
In light of our determination, we need not consider the defendants' remaining contentions.
DILLON, J.P., BALKIN, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court