Uhl v D'Onofrio Gen. Contrs., Corp. (2021 NY Slip Op 04778)





Uhl v D'Onofrio Gen. Contrs., Corp.


2021 NY Slip Op 04778


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-14102
 (Index No. 16726/12)

[*1]Timothy Uhl, et al., plaintiffs-respondents,
v
D'Onofrio General Contractors, Corp., defendant third-party plaintiff-appellant-respondent, STV Construction, Inc., et al., defendants-respondents, et al., defendants; Bayer MaterialScience, LLC, third-party defendant-respondent-appellant.


Cullen and Dykman, LLP, New York, NY (Adrienne Yaron and Olivia M. Gross of counsel), for defendant third-party plaintiff-appellant-respondent.
Reed Smith, LLP, New York, NY (Oliver Beiersdorf of counsel), for third-party defendant-respondent-appellant.
Robert A. Cardali & Associates, LLP, New York, NY (Martin Grossman of counsel), for plaintiffs-respondents.
Law Office of Fern Flomenhaft, PLLC, New York, NY, for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, and the third-party defendant cross-appeals, from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated October 4, 2018. The order, insofar as appealed from, denied those branches of the defendant third-party plaintiff's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and granted, without prejudice, the third-party defendant's motion for summary judgment dismissing the third-party complaint. The order, insofar as cross-appealed from, granted, without prejudice, the third-party defendant's motion for summary judgment dismissing the third-party complaint.
ORDERED that the cross appeal is dismissed, as the third-party defendant is not aggrieved by the portion of the order cross-appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144; see also D. R. v Kazachok, 155 AD3d 657, 657-658); and it is further,
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendant third-party plaintiff's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the appellant, payable by the plaintiffs-respondents and the defendants-respondents appearing separately and filing separate briefs.
On October 11, 2011, the plaintiff Timothy Uhl (hereinafter the injured plaintiff), an [*2]elevator inspector employed by the New York City Housing Authority, allegedly was injured when he fell from one end of a catwalk connecting the roofs of two buildings in a housing development in Brooklyn which was undergoing roof work. The injured plaintiff allegedly was about to descend some stairs from the catwalk to a roof when he touched a metal railing, felt a "shock," and then stepped down and fell where a portion of the stairs was missing.
The injured plaintiff, and his wife suing derivatively, commenced this action to recover damages for personal injuries against, among others, Pro-Metal Construction, Inc. (hereinafter Pro-Metal), the general contractor for the subject roof project, STV Construction, Inc. (hereinafter STV), the construction manager for the project, and D'Onofrio General Contractors, Corp. (hereinafter D'Onofrio), a subcontractor which contracted with Pro-Metal to perform certain work on the project, including the installation of "spray foam" that allegedly resulted in the creation of static electricity. The plaintiffs, inter alia, asserted causes of action alleging a violation of Labor Law § 200 and common-law negligence. D'Onofrio commenced a third-party action against Bayer MaterialScience, LLC (hereinafter Bayer), the manufacturer of the spray foam used by D'Onofrio, among other things, for indemnification. Thereafter, D'Onofrio moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and Bayer moved for summary judgment dismissing the third-party complaint. In an order dated October 4, 2018, the Supreme Court, inter alia, (1) denied those branches of D'Onofrio's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it, and (2) granted, without prejudice, Bayer's motion for summary judgment dismissing the third-party complaint. D'Onofrio appeals, and Bayer cross-appeals.
Labor Law § 200 is a codification of the common-law duty of owners, contractors, and their agents to provide workers with a safe place to work (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352; Doto v Astoria Energy II, LLC, 129 AD3d 660, 663; Annicaro v Corporate Suites, Inc., 98 AD3d 542, 544). "Where, as here, the plaintiff contends that his or her injuries arose not from the manner in which the work was performed, but rather from an allegedly dangerous condition at the work site, liability under Labor Law § 200 and common-law negligence may be imposed upon a subcontractor where it had control over the work site and either created the allegedly dangerous condition or had actual or constructive notice of it" (Vita v New York Law Sch., 163 AD3d 605, 607; see Russin v Louis N. Picciano & Son, 54 NY2d 311, 317).
Here, D'Onofrio established its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it by establishing that it did not have authority to supervise or control the area of the work site where the accident occurred, and that it did not create a dangerous condition which caused the accident (see Vita v New York Law Sch., 163 AD3d at 607; Simon v Granite Bldg. 2, LLC, 114 AD3d 749, 754; Thomas v Benton, 112 AD3d 812). In support of the motion, D'Onofrio submitted, inter alia, the deposition testimony of its foreman, Joseph DiGregorio, who testified that Pro-Metal was the general contractor for the project and D'Onofrio had no authority to "tell Pro-Metal what to do." D'Onofrio also submitted the deposition testimony of one of its owners, John D'Onofrio, who testified that all warning signs at the work site "were done by [Pro-Metal]." D'Onofrio also submitted an affidavit from John D'Onofrio in which he averred that "D'Onofrio was not responsible for placement of any signs." D'Onofrio also submitted an email sent after the accident by a representative of STV to, among others, representatives of Pro-Metal, stating that it was necessary to post warning signs about the possibility of "static electricity," which was not sent to any individuals employed by D'Onofrio. Consequently, D'Onofrio established, prima facie, that it had no control over the work site. Moreover, D'Onofrio established, prima facie, that it did not create a dangerous condition which caused the accident by applying the liquid foam, and that the missing steps had been removed by Pro-Metal (see Jones v Saint Rita's R.C. Church, 187 AD3d 727, 729). In opposition to D'Onofrio's prima facie showing, the plaintiffs and the defendants Pro-Metal and STV failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted those branches of D'Onofrio's motion which were for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence insofar as asserted against it.
Contrary to D'Onofrio's contention, the Supreme Court properly granted Bayer's motion for summary judgment dismissing the third-party complaint. "A manufacturer who places [*3]a defective product on the market that causes injury may be liable for the ensuing injuries" (Reece v J.D. Posillico, Inc., 164 AD3d 1285, 1287; see Codling v Paglia, 32 NY2d 330). "A product may be defective when it contains a manufacturing flaw, is defectively designed, or is not accompanied by adequate warnings for the use of the product" (Reece v J.D. Posillico, Inc., 164 AD3d at 1287). Here, in opposition to Bayer's prima facie showing that the spray foam was not a defective product, D'Onofrio failed to raise a triable issue of fact (see Reece v J.D. Posillico, Inc., 164 AD3d at 1288-1289).
D'Onofrio's contentions regarding that branch of its motion which was for summary judgment dismissing all cross claims insofar as asserted against it are not properly before this Court, as that branch of D'Onofrio's motion remains pending and undecided (see Katz v Katz, 68 AD2d 536).
RIVERA, J.P., HINDS-RADIX, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court